## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MELISSA KATZ** | § § § | |
| *Plaintiff*, | § § | **C.A. NO. _____** |
| **v.** | § § | |
| **OPENTABLE, INC. and THE PRICELINE GROUP, INC.** | § § § | **JURY TRIAL DEMANDED** |
| *Defendant*. | § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Melissa Katz ("Plaintiff" or "Katz") hereby files, through her counsel of record, this Original Complaint, on personal knowledge as to all matters regarding herself and upon information and belief as to all other matters, against OpenTable, Inc. ("OpenTable") and The Priceline Group, Inc. ("Priceline") and would respectfully show the Court as follows:

### I.

### NATURE OF SUIT

1.      This claim arises under the Americans with Disabilities Act, the Family Medical Leave Act, and the Age Discrimination in Employment Act. As set forth in more detail below, Plaintiff was terminated by Defendants because of a disability, her age, seeking leave and in retaliation for engaging in protected conduct. Said conduct has damaged Plaintiff within the jurisdictional limits of this Court as to be determined by a jury.

**Plaintiff's Original Complaint  -   Page   1**

## II.

## JURISDICTION AND VENUE

2.      This court has jurisdiction because this controversy is based upon federal questions under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., the Family Medical Leave Act, 29 U.S.C. §§ 2601 et. seq. and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.

**3.**      Venue for all causes of action stated herein lies in the Western District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District, pursuant to 28 U.S.C. § 1391.

## III.

## PARTIES

4.      Plaintiff Melissa Katz is an individual residing in Collin County, Texas.

5.      The Priceline Group, Inc. is a foreign corporation with its principal place of business in the United States in Norwalk Connecticut.  Priceline may be served with service of process upon its registered agent in the state of Texas, CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6.      OpenTable is a foreign corporation with its principal place of business in the United States in San Francisco, California.  OpenTable is a subsidiary of The Priceline Group.  OpenTable may be served with service of process upon its registered agent, CT Corporation System, 818 W. Seventh Street, Suite 930, Los Angeles, CA 90017.

**IV.**

**FACTS APPLICABLE TO ALL COUNTS**

7.      Defendant OpenTable is an online reservation company for restaurants.[1] Plaintiff was employed by OpenTable as an Account Manager/Hybrid ("Account Manager") for approximately four years until her termination on or about March 30, 2015.  As an Account Manager, Plaintiff was responsible for securing new business from restaurants in the Austin and San Antonio markets and for maintaining/servicing existing accounts for the OpenTable reservation service.  Throughout her four year career, Plaintiff excelled on all fronts for the Company including restoring and helping secure significant growth for the Austin and San Antonio markets.  She was repeatedly recognized for her efforts, most recently on January 27, 2015 when she received a "top producer" award which included an all expense paid trip for two to Mexico.

8.      On February 27, 2015, Plaintiff took leave under OpenTable's FMLA policy to treat an eating disorder.  Plaintiff made OpenTable aware of her condition including her direct supervisor, Kristina Weiss and OpenTable/Priceline HR representatives Ryan Ward and Sang Almazzo. For her part, Plaintiff was concerned about her job remaining available while she was out and inquired about the issue with Mr. Ward.  Mr. Ward confirmed that her position would be available under Defendants' FMLA policies.

9.      From approximately February 28, through March 29, 2015, Plaintiff received treatment for her disability from a "partial hospitalization" facility in the Austin area.  Though on leave, Plaintiff remained available and regularly forwarded customer issues and requests she received by text/phone to Ms. Weiss.  Plaintiff was happy to help in this regard as she wanted to

---

[1]      In or about April 2014, OpenTable was acquired by The Priceline Group, Inc. and thereafter Plaintiff was eligible for stock grants from Priceline as an employee of OpenTable.

**Plaintiff's Original Complaint  -   Page   3**

service her large customer base – as well to make sure new and prospective clients were not overlooked in her absence.   In fact, coming back to work as soon as possible was a major motivation during Plaintiff's treatment– and, to that end, Plaintiff opted for a shorter treatment plan out of concern for her customers and servicing her territory.

10.     Plaintiff was scheduled to return to work without restrictions on March 30, 2015. As previously instructed in an email message from Ms. Sang, Plaintiff called her supervisor (Ms. Weiss) at 8:00 a.m. on March 30, 2015 to get an update of her territory and any directives going forward.  Instead of receiving that "update," Plaintiff was told by Ms. Weiss and Ms. Almazzo that she was being terminated for alleged "customer complaints" received against her while she was on leave.   This was the first time Plaintiff was made aware of the alleged complaints. Plaintiff had not been under any disciplinary plan or issues as of the date of her termination and had had only one minor issue two years earlier associated with a customer issue.

11.     Plaintiff has since learned that she was replaced by Terez Percenti.   On information and belief, Ms. Percenti is under 40 years of age.

12.     While Plaintiff disputes receiving customer complaints and believes the stated reason for her discharge is pretextual, Defendant has treated similarly situated employees more favorably than Plaintiff– including but not limited to Anna Thrash, Michael Malloy, Kim Trouarad, Shelley Broussard, and Josh Gottlieb  - each of whom have received multiple customer complaints and were not terminated.

13.     Plaintiff has experienced significant emotional distress as a result of her abrupt discharge by Defendant – including requiring medical treatment related to her disability. Plaintiff jointly filed a charge of discrimination against OpenTable with the Equal Employment Opportunity Commission and the Texas Workforce Commission on May 7, 2015.  The EEOC

**Plaintiff's Original Complaint  -   Page   4**

issued a right to sue on the same day, a copy of which is attached as Exhibit A.  Plaintiff jointly

filed a charge of discrimination against the Priceline Group, Inc. on June 26, 2015.  The EEOC

issued a right to sue on June 30, 2015, a copy of which is attached as Exhibit B.

## V.

## CAUSES OF ACTION

### FIRST COUNT

### DISABILITY DISCRIMINATION IN VIOLATION OF
### AMERICANS WITH DISABILITIES ACT

14.     The foregoing paragraphs of this Complaint are incorporated in this Count as fully

as if set forth at length herein.

15.     Plaintiff is an employee within the meaning of the ADA and suffers from a

disability.

16.     Defendants are employers within the meaning of the ADA.

17.     All conditions precedent to filing this action for discrimination under federal law

have been met.  Plaintiff timely filed her charge of discrimination on the basis of disability with

the EEOC, and the EEOC has within ninety (90) days of filing this lawsuit issued Notice of Right

to Sue to Plaintiff.

18.     Defendants have violated the ADA, as amended, by discriminating and/or

retaliating against Plaintiff in connection with compensation, terms, conditions or privileges of

employment because of Plaintiff's disability, and because Plaintiff engaged in protected activity,

including seeking accommodation under the ADA.

19.     Defendants have engaged in a single, continuous course of conduct of discrimination and retaliation against Plaintiff because of her disability in order to destroy Plaintiff, her career, and her professional life.

20.     Defendants maliciously and recklessly violated their own established rules and procedures.

21.     Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §§ 12010 et. Seq.

22.     Such discrimination by Defendants against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages from Defendants for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.  Further, this discrimination was done by Defendants with malice or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore also entitled to recover punitive damages.

## SECOND COUNT

### DISCRIMINATION BECAUSE OF AGE IN VIOLATION
### OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND CHAPTER 21 OF THE TEXAS LABOR CODE

23.     The foregoing paragraphs of this Complaint are incorporated in this Count by reference as fully as if set forth at length herein.

24.     Plaintiff Melissa Katz is an individual who is over 40 years old.   At the time of the discrimination the Plaintiff was over 40 years old.

25.     Plaintiff is qualified to perform the essential functions of Account Manager. Defendants have intentionally discriminated against Plaintiff because of her age, by treating

**Plaintiff's Original Complaint  -   Page   6**

Plaintiff in a discriminatory manner compared with her younger peers and terminating Plaintiff in violation of the ADEA.

26.     All conditions precedent to filing this action for age discrimination under state and federal law have been met.  Plaintiff timely filed her charge of age discrimination.  The EEOC within the past ninety (90) days preceding filing this lawsuit, issued a Notice of Right to Sue.

27.     Defendants have engaged in a single continuous course of conduct of discrimination against Plaintiff because of Plaintiff's age.

28.     Such discrimination by Defendants against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendants for back pay, front pay, benefits, future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, other nonpecuniary losses, and compensatory damages.  Further, this discrimination was willful.  Plaintiff is therefore also entitled to recover liquidated damages.  Plaintiff is also entitled to recover all costs of Court and attorney's fees.

### THIRD COUNT - RETALIATION

29.     The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

30.     Defendants have retaliated against Plaintiff for engaging in protected activities by terminating Plaintiff.  Defendants have thereby intentionally engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e *et seq*. and 29 U.S.C. §§ 623(d).

31.     All conditions precedent to filing this action for discrimination and retaliation under federal law have been met.  Plaintiff timely filed his charge of retaliation based upon protected activities.

32.     Defendants have engaged in a single continuous course of conduct of retaliation against Plaintiff because of Plaintiff§s seeking accommodation based upon disability.

33.     Such retaliation by Defendants against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover reinstatement and damages from Defendants for back pay, front pay, future  pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.  Further, this retaliation was done by Defendants with intentional malice or with reckless indifference to Plaintiff's protected rights.  Such retaliation constitutes gross, wanton, reckless, and/or intentional violation of Plaintiff§s rights.  Plaintiff is therefore also entitled to recover punitive and/or liquidated damages.   Plaintiff is also entitled to recover all costs of Court, and attorney's fees.

## FOURTH COUNT

## DISCRIMINATION/RETALIATION UNDER THE FMLA

34.     The foregoing paragraphs of this Complaint are incorporated in this Count as fully as if set forth at length herein.

35.     Plaintiff is an employee within the meaning of the Family Medical Leave Act and took leave consistent with the Act.

36.     Defendants are employers within the meaning of the FMLA.

37.     All conditions precedent to filing this action for discrimination under Federal law have been met.

38.     Defendants have violated the FMLA, as amended, by discriminating and/or retaliating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because Plaintiff engaged in protected activity by taking leave protected by the FMLA.

**Plaintiff's Original Complaint  -   Page   8**

39.     Defendants have engaged in a single, continuous course of conduct of discrimination and retaliation against Plaintiff because of Plaintiff's taking FMLA leave.

40.     Plaintiff is entitled to an award of attorney fees and costs under the FMLA.

41.     Such discrimination by Defendants against Plaintiff was intentional and against their own established rules and procedures.  Accordingly, Plaintiff is entitled to recover damages from Defendants for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non pecuniary losses.  Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's protected rights.  Plaintiff is therefore also entitled to recover punitive damages.

## VI.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

## VII.

## REQUEST FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendants:

a.     Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity as well as lost retirement benefits;

b.     Judgment for back pay and front pay as allowed by law;

c.     Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses;

d.     Damages for past and future mental anguish, emotional distress, and physical distress;

**Plaintiff's Original Complaint  -   Page   9**

    e.          Exemplary damages in an amount to be determined by the trier of fact;

    f.          Prejudgment and post-judgment interest at the maximum legal rate;

    g.          All costs of Court;

    h.          Attorneys' fees;

    i.          Such other and further relief to which Plaintiff may be justly entitled.

Dated: July 10, 2015

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: /s/ Theodore C. Anderson
Theodore C. Anderson
State Bar No. 01215700
Attorney-in-Charge

3109 Carlisle
Dallas, Texas 75204
(214) 969-9099 - Telephone
(214) 953-0133 – Facsimile

_____
Clay A. Hartmann
Texas State Bar No. 00790832

THE HARTMANN FIRM, PC
6677 Gaston Avenue
Dallas, Texas 75214
214-828-1822
**ATTORNEYS FOR PLAINTIFF**

**Plaintiff's Original Complaint  -   Page   10**

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Melissa L. Katz<br>5554 Wendover<br>Frisco, TX 75034 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2015-02387 | Sandra C. Taylor,<br>Intake Supervisor | (214) 253-2877 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*N. Elizondo* ~~For:~~

5/7/15
*(Date Mailed)*

Enclosures(s)

**Janet V. Elizondo,**
**District Director**

cc: **OPENTABLE INC**
1 Montgomery Street
Suite 700
San Francisco, CA 94104

**Clay Hartmann**
6677 Gaston Ave
Dallas, TX 75214


**EXHIBIT**
*A*

EEOC Form 161-... (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Melissa L. Katz<br>5554 Wendover<br>Frisco, TX 75034 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2015-02999 | Juan Brucelas-Vazquez,<br>Investigator | (214) 253-2827 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Janet V. Elizondo,
**District Director**

6/30/15
*(Date Mailed)*

Enclosures(s)

cc:

THE PRICELINE GROUP
Attn: Mr. Peter J. Millones, Jr.
General Counsel
800 Connecticut Ave.
Norwalk, CT 06854

Clary A. Hartmann, Esq.
6677 Gaston Ave
Dallas, Texas 75214


Exh. B